IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ZACHARY BARFIELD, | : |
| *Plaintiff*, | : Case No. 1:24-cv-319 |
| vs. | : Judge Jeffery P. Hopkins |
| C/O HAYES, *et al.*, | : |
| *Defendants*. | : |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation (Doc. 4) issued by Magistrate Judge Chelsey M. Vascura on June 26, 2024. Magistrate Judge Vascura recommends that this Court dismiss Plaintiff's claims seeking transfer to another facility and for the termination and criminal prosecution of Defendants for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915. Plaintiff belatedly filed one document titled "Memorandum in Opposition to Defendant Motion to Dismiss" (Doc. 14). Because no motion to dismiss has been filed, the Court presumes that Plaintiff intended for this document to constitute formal objections to the Report and Recommendation.

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Importantly, however, review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). This means that general or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of

specific objections and is tantamount to a complete failure to object."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Here, the Court cannot discern any specific objections to the Magistrate Judge's Report and Recommendation from Plaintiff's filings. Rather than directly address the Magistrate Judge's findings in relation to his claims for transfer to another facility, and for the termination and criminal prosecution of Defendants, Plaintiff merely reiterates the facts relevant to his claims. Based upon the unspecific nature of his objections, Plaintiff has forfeited *de novo* review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Additionally, the Court notes that Plaintiff's objections were filed two months late and are thus untimely.

With this in mind, having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and finding no clear error, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. *See* Fed. R. Civ. P. 72 (advisory committee notes from 1983 amendment) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"); *see e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-cv-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022).

Accordingly, Plaintiff's claims seeking transfer and for the termination and criminal prosecution of Defendants are **DISMISSED**.

**IT IS SO ORDERED.**

Dated:  February 19, 2025

Hon. Jeffery P. Hopkins
United States District Judge