UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ZACHARY BARFIELD,

      Plaintiff,

v.                              Civil Action 1:24-cv-319
                                Judge Jeffery P. Hopkins
                                Magistrate Judge Chelsey M. Vascura

C/O HAYES, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, Zachary Barfield, an Ohio inmate who is proceeding without the assistance of counsel, sues Defendants, corrections officers Hayes and Gaffin, under 42 U.S.C. § 1983 for failure to protect him from assault by another inmate in violation of the Eighth Amendment. (Compl., ECF No. 3.) This matter is before the Court on Defendants' motion for summary judgment. (ECF No. 43.) For the reasons below, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 43) be **GRANTED**.

                I.        BACKGROUND

Plaintiff alleges that on April 29, 2024, while Plaintiff was incarcerated at the Southern Ohio Correctional Facility, an inmate named Tumey slipped into Plaintiff's cell behind Plaintiff just before the cell door was closed at 4:31pm. Tumey remained in Plaintiff's cell until 5:03pm and assaulted Plaintiff during that time. Plaintiff alleges that Defendant Gaffin, who was manning the booth that controlled the cell doors and contained video monitors showing Plaintiff's cell, and Defendant Hayes, who was patrolling Plaintiff's cellblock, both saw Tumey

enter Plaintiff's cell and did nothing to prevent Tumey from assaulting Plaintiff. Plaintiff alleges that even after Tumey left Plaintiff's cell, neither Gaffin nor Hayes reported the incident in contravention of prison policies. (Compl., ECF No. 3.)

On initial screen under 28 U.S.C. §§ 1915(e) and 1915A(b), the undersigned recommended dismissal of Plaintiff's claims for injunctive relief and for Defendants' criminal prosecutions, but permitted Plaintiff to proceed on his individual-capacity Eighth Amendment failure-to-protect claims against Defendants Hayes and Gaffin for compensatory, punitive, and nominal damages. (ECF No. 4.) The Court adopted that recommendation on February 19, 2025. (ECF No. 38.) Defendants filed the subject Motion for Summary Judgment on Plaintiff's remaining claims on April 2, 2025. (ECF No. 43.) Plaintiff filed a memorandum in opposition on April 14, 2025 (ECF No. 44), although he submitted no evidence or verified allegations that the Court may consider under Federal Rule of Civil Procedure 56. Plaintiff's opposition relies, in part, on security camera and body camera footage, which he was permitted to view, but he was not permitted to retain copies. The Court therefore ordered Defendants to file copies of the relevant video, which Defendants did on April 25, 2025. (ECF Nos. 48–49.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### III. ANALYSIS

Plaintiff's failure-to-protect claim arises under the Eighth Amendment. "The [Eighth] Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates . . . ." *Farmer v. Brennan*, 511 U.S. 825, 932–33 (1994) (internal quotation marks and citations omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

3

Such claims under the Eighth Amendment require a plaintiff "to prove both the subjective and objective elements necessary to prove an Eighth Amendment violation." *Helling*, 509 U.S. at 35. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). The United States Supreme Court has offered the following guidance with respect to the objective factor:

> [The objective factor] requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36.

"To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> "[T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id*. (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotation marks and citations omitted)). However, "a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011) (citing *Farmer*, 511 U.S. at 842).

Accordingly, Plaintiff's claims turn on the subjective prong—*i.e.*, whether Defendants were subjectively aware that Tumey improperly entered Plaintiff's cell. Having reviewed Defendants' verified interrogatory responses, Tumey's conduct report, and the available video footage, the Court finds that there is no genuine issue of material fact as to Defendants' lack of knowledge that Tumey improperly entered Plaintiff's cell.

First, Defendants categorically deny under oath that they saw Tumey enter the cell. (Interrog. Resps., ECF Nos. 43-1, 43-2.) Second, Tumey's conduct report explains that "[d]ue to the visibility restrictions into this type of cell and after a review of the Body Worn Cameras, [Defendant Hayes] was unaware that two people were in that cell." (Conduct Report, ECF No. 43-1.) Third, the DVR footage does reflect two inmates entering the same cell at 4:31pm, but the cameras are far away from the cell in question and it requires close inspection to make out Tumey's entrance behind Plaintiff. The undersigned would not have observed Tumey enter Plaintiff's cell if the exact time of entrance had not been identified by the parties. It is therefore by no means evident from the DVR footage that Defendant Gaffin, in the booth, would have seen Tumey enter Plaintiff's cell. Further, the DVR footage and Defendant Hayes's body camera footage confirm that he was observing inmates from the opposite end of the corridor from Plaintiff's cell and it is not clear that he was even looking in the direction of Plaintiff's cell at the time of Tumey's entrance. And although Plaintiff asserts that the video evidence would reveal that he called out Hayes's name as he passed the cell on his rounds, no such call from Plaintiff is evident on the video.[1]

---

[1] In fact, the video reflects that *Tumey* is heard to call out to Defendant Hayes, but does so only to request permission to use the wall phone. As Hayes stops by the cell to speak with Tumey, Plaintiff remains out of view and apparently silent. Thus, although Hayes was certainly aware

5

The undersigned therefore finds that Defendants have carried their initial burden to demonstrate the absence of any genuine issues of material fact as to Defendants' lack of knowledge of Tumey's improper entrance into another inmate's cell, and that Plaintiff has failed to set forth specific facts, supported with citations to evidence that may be considered under Rule 56(c), showing that there is a genuine issue for trial as to Defendant's knowledge. This lack of actual knowledge of Tumey's improper entrance into Plaintiff's cell is fatal to his claim that Defendants were deliberately indifferent to the serious risk to Plaintiff's safety posed by Tumey's presence. *See Bishop*, 636 F.3d at 767 (citing *Farmer*, 511 U.S. at 842).

## IV. DISPOSITION

For these reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (ECF No. 43) be **GRANTED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

---

that Tumey was present in that cell, there was no apparent indication to Hayes that Tumey should not have been there.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

       /s/ *Chelsey M. Vascura*
       CHELSEY M. VASCURA
       UNITED STATES MAGISTRATE JUDGE